**RECORD NO. 12-4853**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

DEMECO LAMONT RICHARDSON,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

**REPLY BRIEF OF APPELLANT
DEMECO LAMONT RICHARDSON**

Larry Constantine Economos
ECONOMOS LAW FIRM, PLLC
1350 SE Maynard Road, Suite 102
Cary, North Carolina 27511
(252) 775-2080
leconomos@embarqmail.com

*Counsel for Appellant*

April 18, 2013

# **TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES ................................................................................. ii

SUMMARY OF REPLY ARGUMENT ..................................................................1

ARGUMENT ..........................................................................................................1

      A.    THE DISTRICT COURT IMPROPERLY APPLIED ITS UPWARD VARIANCE PURSUANT TO THE GUIDELINES DEPARTURE PROVISION ..........................................1

      B.    THE DISTRICT COURT'S MISAPPLICATION OF USSG § 4A1.3 CAN NOT BE CONSIDERED HARMLESS ERROR BECAUSE THE DISTRICT COURT'S SENTENCE WAS NOT SUBSTANTIVELY REASONABLE AS PROPERLY SUPPORTED BY THE 18 U.S.G.S. § 3553(a) FACTORS ..............................................2

CONCLUSION ........................................................................................................4

CERTIFICATE OF COMPLIANCE .......................................................................5

CERTIFICATE OF SERVICE .................................................................................6

i

# TABLE OF AUTHORITIES

## CASES

*United States v Carter*,
    564 F.3d 325 (4th Cir. 2009) ................................................................................2, 3

*United States v Evans*,
    526 F.3d 155 (4th Cir.2008) cert denied, 129 S. Ct. 476, 172 L. Ed. 2d
    341 (2008) ..................................................................................................................2

*United States v. Simmons*,
    649 F.3d 237 (4th Cir. 2011) ....................................................................................1, 2

## STATUTES

18 U.S.C. § 3553(a) ........................................................................................1, 2, 4

## U.S. SENTENCING GUIDELINES

USSG § 4A1.3 ................................................................................................1, 2, 4

USSG § 4B1.1(a) ........................................................................................................1

USSG § 4B1.2(c) ........................................................................................................1

SUMMARY OF REPLY ARGUMENT

The district court's sentence of Mr. Richardson was not substantively reasonable. Whether viewed with respect to its upward variance pursuant to USSG § 4A1.3 in finding that Mr. Richardson was a de facto career offender, or by way of its consideration of the 18 U.S.C. § 3553(a) sentencing factors, the district court's upward variance was not reasonable and amounts to an abuse of discretion.

ARGUMENT

A. THE DISTRICT COURT IMPROPERLY APPLIED ITS UPWARD VARIANCE   PURSUANT TO THE GUIDELINES DEPARTURE PROVISION.

As the government essentially concedes in its response brief, the district court's determination of an upward variance pursuant to § 4A1.3 was clearly erroneously applied. As argued in the opening brief – and not refuted by the government – the district court's reliance on § 4A1.3 to justify an upward variance of Mr. Richardson's sentence to that of a de facto career offender is simply untenable due to the fact that Mr. Richardson's underlying felony convictions, classified as Class H or I, were not punishable by more than one year's imprisonment, and therefore simply cannot be counted under the applicable guideline rules to justify an upward variance as either a career offender or de facto career offender. USSG § 4B1.1(a), § 4B1.2(c) and n.1; see United States v.

1

Simmons, 649 F. 3d 237 (4th Cir. 2011) (en banc).  However, this Court's may still find the district court's upward variance substantively reasonable under its due deference and totality of the circumstances standard of review if the record reveals that the district court, irrespective of its misapplication of the guideline upward variance, properly found that the 18 U.S.C. § 3553(a) factors supported the upward deviation from the base guideline level. See United States v Evans, 526 F 3d 155 (4th Cir.2008) cert denied, 129 S. Ct. 476, 172 L. Ed. 2d 341 (2008). The base guideline level has been conceded by the government to have been properly adopted by the district court as a level 6, which put Mr. Richardson at 33 to 41 months before the upward variance to 211 months was applied.

   B.  THE DISTRICT COURT'S MISAPPLICATION OF USSG § 4A1.3 CAN NOT BE CONSIDERED HARMLESS ERROR BECAUSE THE DISTRICT COURT'S SENTENCE WAS NOT SUBSTANTIVELY REASONABLE AS PROPERLY SUPPORTED BY THE  18 U.S.C. § 3553 (a) FACTORS.

As has been held in United States v Carter, 564 F. 3d 325 (4th Cir. 2009), when rendering a sentence pursuant to the § 3553 (a) sentencing factors the district court must do more than offer a "talismanic recitation of the § 3553(a) factors without application to the defendant", and must justify the sentence on the record with an individualized rationale tailored to the defendant's specific circumstances. Id. at 328-329.  Moreover, the district court must set forth enough on the record to demonstrate that the court has considered defendant's arguments to the contrary,

2

and should specifically address the defendant's arguments and explain why those arguments have been rejected. <u>Id</u>. at 328.

In the case at bar, while the district court made clear its concern with the defendant's history of recidivism on the state level, the court was practically mute on the issue of the defendant's physical characteristic of having an acute heart condition and its rejection of defendant's argument that even assuming an upward variance from the guidelines, that ten years would be more than enough to satisfy the court's concerns on the issue of recidivism. On the issue of minimizing any upward variance due to the defendant acute heart condition, which included a family history of heart disease, coronary heart disease that had no connection to drug abuse, resultant coronary artery by-pass grafting and two heart attacks, and physical status of being "100 percent disabled "due to heart disease, the district's court's only response to defendant's arguments was generally, "I think your points are well taken". (J.A. 43-46) The court them immediately notes that defendant ingested a baggie of cocaine upon being apprehended by law enforcement, which avoids the argument of his physical condition and implies that defendant's physical condition is immaterial because he foolishly tried to avoid being charged with a crime. (J.A. 46)

As to responding to defendant's argument that far less time than reaching a de facto career status was sufficient for an upward variance, the district court was

3

silent, talismantically reciting certain § 3553(a) factors in a catch-all manner after finding, erroneously, that the USSG § 4A1.3 upward variance as a de facto career offender applied to the defendant. (J.A. 51-52)

## CONCLUSION

For the above reasons and cited authorities, the district court's sentence of Mr. Richardson was substantively unreasonable, amounts to an abuse of discretion, and this Court should vacate the sentencing judgment and remand the case to the district court for proper sentencing.

Respectfully submitted,

/s/ Larry C. Economos
Larry C. Economos
Attorney for Defendant Appellant
Economos Law Firm, PLLC
1350 SE Maynard Road, Suite 102
Cary, NC 27511
leconomos@embarqmail.com
N.C. State Bar 16284

\

# CERTIFICATE OF COMPLIANCE WITH RULE 32(a)
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This brief complies with the Type-volume limitation of Fed. R. App. 32(a)(7)(B) because:

    The word count of this brief is 4 pages.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    This brief has been prepared in a proportionally spaced typeface using Microsoft Word, Times New Roman, 14 point.

April 18, 2013

/s/ Larry C. Economos
Larry C. Economos
Attorney for Defendant Appellant

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 18th day of April, 2013, the foregoing Reply Brief of Appellant was filed with the Clerk, United States Court of Appeals for the Fourth Circuit via hand delivery and electronically using the Court's CM/ECF system which will send notification of such filing to:

Jennifer P. May-Parker
Office of the United States Attorney
Suite 800, Federal Building
310 New Bern Avenue
Raleigh, North Carolina 27601
jennifer.may-parker@usdoj.gov

*Counsel for Appellee*

                                                    /s/ Larry C. Economos
                                                  Larry C. Economos
                                                  Attorney for Defendant Appellant